**Javahir SARGSYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70434.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 29, 2005.

Ruben N. Sarkisian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Judith A. Hagley, Esq., DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Javahir Sargsyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

■ The IJ's adverse credibility determination rests on, among other things, internal inconsistencies in Sargsyan's testimony and inconsistencies between her testimony and her declaration regarding the number of times she was beaten by police and the length of her detention. *See id.* at 1043. As these inconsistencies go to the heart of Sargysan's asylum claim, the IJ's adverse credibility determination is supported by substantial evidence. *See id.* Furthermore, the IJ properly rejected Sargsyan's explanation that her testimony was inconsistent because the beatings she suffered caused memory loss as Sargsyan did not testify about her memory loss until confronted with her inconsistent testimony, and she never provided documentary proof of her condition. *See, e.g., Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004) (IJ properly considered and rejected petitioner's explanation for inconsistent testimony).

Because the IJ's adverse credibility determination is supported by substantial ev-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

idence, Sargsyan has also failed to show eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ The court lacks jurisdiction to consider Sargsyan's contention that the translation was inadequate because she failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (recognizing that exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**